NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY PEOPLES, JR., | ) | No. C 11-01196 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL DISMISSAL |
| | ) | AND OF SERVICE; DIRECTING |
| vs. | ) | DEFENDANTS TO FILE DISPOSITIVE |
| | ) | MOTION OR NOTICE REGARDING |
| | ) | SUCH MOTION; DENYING MOTION |
| ARNOLD SCHWARZENEGGER, et al., | ) | FOR SERVICE AS MOOT; |
| | ) | INSTRUCTIONS TO CLERK |
| Defendants. | ) | |
| | ) | |
| | ) | (Docket No. 3) |

Plaintiff, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate written order.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff alleges that he submitted a request for medical care services on September 5, 2009, which lead to him being seen by Defendant Dr. L. Gamboa on September 8, 2009.  (Compl. at 4.)  Plaintiff complained that there was something in his left ear.  (Id.)  During the examination, Dr. Gamboa noted that a "piece of toilet paper" was in Plaintiff's left ear.  (Id. at 5.)  Plaintiff claims that Dr. Gamboa "pretended" to remove the substance with an ear plunger.  (Id.)  Plaintiff alleges that Dr. Gamboa then prescribed amoxcillin that "pushed the substance further down [his] ear onto the tempranic [*sic*] membrane causing pain/suffering from what constitutes as deliberate indifference to [Plaintiff's] medical need[]s."  (Id.)  Plaintiff claims that another examination on September 16 or 17, revealed that there was a white substance located on his tympanic membrane which required an appointment at the emergency room.  (Id. at 6.)  Plaintiff claims that Dr. Gamboa's failure to remove the substance from his ear at the initial examination constitutes wanton infliction of pain that was "malicious, reckless" and shows a "careless disregard for human life."  (Id.)  Liberally construed, this Eighth Amendment claim is cognizable under § 1983 against Dr. Gamboa.  The Court will exercise supplemental jurisdiction of the related state tort claims.  See  United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

Plaintiff also names as Defendants Governor Arnold Schwarzenegger, Secretary

1  Matthew Cates, Chief J. Walker, Warden Anthony Hedgpeth, Chief Medical Officer
2  Michael Sepulveda and Health Care Manager Kathleen Wall, alleging that they are
3  directly responsible for the inadequate medical care he received from Dr. Gamboa.
4  Plaintiff also claims that these "correctional authorities" intentionally delayed medical
5  care and that they "acted in conspiracy to retaliate against [Plaintiff] for exercising his
6  constitutional rights to file civil suits and grievances." (Compl. at 7.)

7  Conclusory allegations of a conspiracy which are not supported by material facts
8  are insufficient to state a claim under § 1983. Woodrum v. Woodword County, 866 F.2d
9  1121, 1126 (9th Cir. 1989). Here, Plaintiff's claims against these supervisory officials
10 lack any factual allegations. A supervisor may be liable under section 1983 upon a
11 showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient
12 causal connection between the supervisor's wrongful conduct and the constitutional
13 violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en
14 banc) (citation omitted). A supervisor therefore generally "is only liable for
15 constitutional violations of his subordinates if the supervisor participated in or directed
16 the violations, or knew of the violations and failed to act to prevent them." Taylor v. List,
17 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff fails to show in the complaint how each of
18 these Defendants individually participated in or directed the alleged violations by Dr.
19 Gamboa, or that they knew of the violations and failed to prevent them. Id. Without any
20 evidence to support his claims, Plaintiff's allegations against these Defendants are
21 conclusory and fail to state a claim. Woodrum, 866 F.2d at 1126. Accordingly, the
22 claims against Defendants Schwarzenegger, Cates, Walker, Hedgpeth, Sepulveda and
23 Wall are DISMISSED for failure to state a claim.

24 **D.     Defendant "Unknown Emergency Room Nurse"**

25 Plaintiff names an "Unknown Emergency Room Nurse" in his complaint.
26 Although the use of "John Doe" to identify a defendant is not favored in the Ninth
27 Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't
28 of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity

of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, the Unknown Emergency Room Nurse is DISMISSED from this action. If through discovery Plaintiff is able to identify the unknown defendant, he may then motion the Court for leave to amend to name the intended defendant and to issue summons upon them. See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir. 1990).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The claims against Defendants Schwarzenegger, Cates, Walker, Hedgpeth, Sepulveda and Wall are DISMISSED for failure to state a claim. The Clerk shall terminate these Defendants from this action.

Defendant ER Nurse is DISMISSED without prejudice from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Defendant Dr. L. Gamboa** at the **Salinas Valley State Prison**. The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

3. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.

    a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

§ 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendant's motion is filed.

      a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

1  Court informed of any change of address and must comply with the Court's orders in a
2  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
3  prosecute pursuant to Federal Rule of Civil Procedure 41(b).
4      10.    Plaintiff's motion for service by the Marshal's Office, (Docket No. 3) is
5  DENIED as moot by this order.
6      This order terminates Docket No. 3.
7      IT IS SO ORDERED.
8  DATED: 6/15/11
9                                    JEREMY FOGEL
                                       United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


TIMOTHY PEOPLES, JR.,

        Plaintiff,

  v.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.
          /

Case Number: CV11-01196 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  7/15/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Timothy Peoples H63933
Salinas Valley State Prison
P.O. Box 1050
D9-143L
Soledad, CA 93960-1050


Dated:  7/15/11

                                          Richard W. Wieking, Clerk