IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PEOPLES, JR., H-63933,<br><br>    Plaintiff,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendant. | No. C 11-01196 CRB (PR)<br><br>ORDER GRANTING MOTION TO DISMISS STATE LAW CLAIMS<br><br>(Docket # 15, 19 & 24) |

    Plaintiff Timothy Peoples, Jr., a state prisoner at Salinas Valley State Prison (SVSP), filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that SVSP doctor L. Gamboa failed to properly treat him after he complained that something was lodged in his left ear. Per order filed on July 15, 2011, the court (Fogel, J.) found that plaintiff's allegations, when liberally construed, stated a cognizable § 1983 claim for violation of the Eighth Amendment against Gamboa and ordered him served. The court also found cognizable plaintiff's related state law tort claims against Gamboa, but dismissed all other claims and defendants under the authority of 28 U.S.C. § 1915A(b). The matter was subsequently reassigned to the undersigned.

    Defendant Gamboa moves to dismiss plaintiff's state law tort claims under Federal Rule of Civil Procedure 12(b)(6) on the ground that the claims are barred because plaintiff did not file a timely government tort claim, as required by California law. Plaintiff has filed an opposition and defendant has filed a reply.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may seek to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

The court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Review is limited to the contents of the complaint, including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). The court may also take judicial notice of facts that are not subject to reasonable dispute. Id.

## DISCUSSION

Defendant seeks dismissal of plaintiff's state law tort claims on the ground that the claims are barred under pertinent state law because plaintiff did not file a timely tort claim with the Victim's Compensation Government Claim Board (Board). Plaintiff responds that defendant and other prison officials interfered with his ability to file a timely tort claim.

A.  Pertinent California Law

Under California law, the filing of a tort claim in the time and manner prescribed is a prerequisite to the filing of a lawsuit against any state employee or agency. Cal. Gov. Code §§ 905.2, 911.2, 945.4, 950.2; Munoz v. California, 33 Cal. App. 4th 1767, 1776 (1995).

2

California's Tort Claims Act provides the requisites for the filing of a tort claim against employees of the State of California. Where recovery of damages from a public employee is sought, the Tort Claims Act requires the presentation to the Board, in accordance with its provisions, of all claims for money or damages against the public entity. Cal. Gov. Code §§ 905, 905.2. Section 911.2 specifies that a claim relating to injury to the person must be presented within six months of the accrual of the cause of action. Section 945.4 specifies that absent a timely claim, no action may be brought against the public entity. Section 950.2 states that a cause of action against a public employee for injury resulting from an act or omission in the scope of his or her employment is barred if an action against the employing public entity is barred. Fisher v. Pickens, 225 Cal. App. 3d 708, 718 (1990).

If a claim that is required by section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the Board for leave to present a late claim. Cal. Gov. Code § 911.4(a). But the application must be presented within a reasonable time not to exceed one year after the accrual of the cause of action. Id. § 911.4(b). If the application is not filed within one year after accrual of the cause of action, the public entity has no authority to grant relief. Hom v. Chico Unified Sch. Dist., 254 Cal. App. 2d 335, 339 (1967). The Board may grant an application to present a late claim if the applicant can meet certain criteria, such as demonstrating that the failure to present a timely claim was because of mistake, inadvertence, surprise or excusable neglect. Cal. Gov. Code § 911.6.

If the Board denies an application to present a late claim, the applicant must petition the appropriate court for an order relieving him or her from the provisions of section 945.4 before filing suit. Id. § 946.6. Such a petition must be filed with the court within six months from the date the application for leave to present a late claim was denied by the Board. Id.

Timely presentation of a claim against a public entity or employee is not merely a procedural requirement under the Tort Claims Act, but a condition precedent to the plaintiff's maintaining an action against the defendant and therefore an element of the plaintiff's cause of action. See Williams v. Horvath, 16 Cal. 3d 834, 842 (1976).

B.   Analysis

Plaintiff submitted his tort claim to the Board in April 2010, approximately seven months after his cause(s) of action accrued. On April 29, 2010, the Board rejected the claim because it was not presented within six months of the alleged incident. In May 2010, plaintiff filed an application with the Board seeking leave to present a late tort claim. On June 17, 2010, the Board denied plaintiff's application to present a late tort claim because it did not meet any of the requisite criteria in section 911.6.

Pursuant to section 946.6, plaintiff had until December 17, 2010 (i.e., six months from the date the Board denied the application to present a late tort claim) to file a petition with the appropriate court to relieve him of the tort claim requirements. But plaintiff never filed such a petition. His next court filing was not until he filed the instant action on March 10, 2011. Plaintiff's state law tort claims are barred by the filing requirements of California's Tort Claims Act. See Williams, 16 Cal. 3d at 842.

A review of plaintiff's complaint in the instant action does not compel a different conclusion. Besides being filed nearly three months too late to qualify as a timely petition for relief from the tort claim requirements, the complaint does not actually seek relief from the tort claim filing deadlines at issue. Nor does it set forth any facts suggesting otherwise. It wasn't until plaintiff filed his opposition papers to plaintiff's motion to dismiss that plaintiff raised for the first time interference by prison officials. But unfortunately for him, it amounts to too little, too late. Plaintiff's failure to pursue the procedures set out in the Tort Claims Act and file a timely court petition to relieve him of the tort claim filing deadlines before he filed suit renders his state law claims barred under California law. See id. (compliance with tort claim filing deadlines is a condition precedent to plaintiff's maintaining action against defendant and an element of plaintiff's cause of action).

## CONCLUSION

For the foregoing reasons, defendant's motion (docket # 19) to dismiss the state law tort claims is GRANTED.

4

In order to expedite these proceedings, by no later than May 25, 2012, defendant shall file a dispositive motion on plaintiff's remaining § 1983 claim – that defendant was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. Plaintiff shall file an opposition to the motion within 30 days of receiving a copy of the motion and defendant shall file a reply to any opposition within 15 days thereafter.

Plaintiff's pending motions for miscellaneous relief (docket # 15 & 24) are DISMISSED as moot and/or for lack of merit.

SO ORDERED.

Dated: April 4, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

N:\11-1196.crborder.wpd