1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY PEOPLES, JR., H-63933,

Plaintiff,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendant.

_____/

No. C 11-01196 CRB (PR)

ORDER TO SHOW CAUSE

Plaintiff Timothy Peoples, Jr., a state prisoner at Salinas Valley State Prison (SVSP), filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that he received inadequate medical care in connection with an ear problem.  Plaintiff also sought leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Per orders filed on July 15, 2011, the court (Fogel, J.) granted plaintiff's application to proceed IFP and ordered the complaint served on SVSP doctor L. Gamboa.  It appears that plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g), however.

The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions,

/

**United States District Court**
For the Northern District of California

1   while incarcerated or detained in any facility, brought an action or appeal in a court of the

2   United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

3   a claim upon which relief may be granted, unless the prisoner is under imminent danger of

4   serious physical injury."  28 U.S.C. § 1915(g).  "Section 1915(g)'s cap on prior dismissed

5   claims applies to claims dismissed both before and after the [PLRA's] effective date."

6   Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

7           Plaintiff has had three or more prior prisoner actions dismissed by the United States

8   District Court for the Central District of California on the grounds that they are frivolous,

9   malicious, or fail to state a claim upon which relief may be granted.  See, e.g., Peoples v.

10  Williams, No. CV 08-7128-UA (AGR) (C.D. Cal. Nov. 18, 2008) (failure to state a claim);

11  Peoples v. Barber, No. CV 08-5249-UA (AGR) (C.D. Cal. Sept. 8, 2008) (same); Peoples v.

12  Schwarzenegger, No. CV 08-1125-JVS (AGR) (C.D. Cal. May 22 and Apr. 13, 2009)

13  (same); Peoples v. Davis, No. CV 06-7366-JVS (AGR) (C.D. Cal. Feb. 19, 2009) (same).[1]

14  The Central District also has dismissed at least two subsequent prisoner actions by plaintiff

15  on the ground that he is barred from proceeding IFP under § 1915(g).  See Peoples v.

16  Schwarzenneger, No. CV 11-3808 (C.D. Cal. May 11, 2011); Peoples v. Schwarzenegger,

17  No. CV 11-0140-UA (AGR) (C.D. Cal. Apr, 28, 2011).

18          The court has reviewed the orders from the Central District and is satisfied that

19  plaintiff may proceed IFP in this action only if he is seeking relief from a danger of serious

20  physical injury which was "imminent" at the time of filing.  See Andrews v. Cervantes, 493

21  F.3d 1047, 1053 (9th Cir. 2007).  He is not.

22          But under the law of the circuit, plaintiff must be afforded an opportunity to persuade

23  the court that §1915(g) does not bar IFP status for him.  See Andrews v. King, 398 F.3d

24  1113, 1120 (9th Cir. 2005).  Within 30 days of this order, plaintiff may show cause why §

25  1915(g) does not bar IFP status for him.  Failure to show cause, or pay the requisite $ 350.00

26

27          [1]It matters not that in two of the cases plaintiff was denied leave to file his complaint on
    the ground that the complaint failed to state a claim upon which relief could be granted.  See
28  O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) (prisoner action requesting IFP status is
    "brought" within meaning of § 1915(g); a denial of leave is dismissal and counts as strike).

2

filing fee, within the designated time will result in the revocation of IFP status and the

dismissal of this action without prejudice to bringing it in a new paid complaint.

SO ORDERED.

Dated:   June 19, 2012

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

G:\PRO-SE\CRB\CR.11\Peoples, T.11-1196.osc.ifp.wpd

3